## STATE v. DAVIS.

The provisions of our statute requiring the magistrate, in criminal cases heard before him, in which the respondent is bound over, or appeals, to return copies of such proceedings to the clerk of this court on or before the first day of the next term, are only declaratory of the magistrate's duty. If he fails thus to return the copies, it only affects his personal liability; but the respondent will not be discharged if the copies are not furnished until the second or some subsequent day of the term.

Hence a declaration in debt, or a *scire facias* upon a recognizance, need not allege that such copies were filed in this court on or before the first day of such term.

Ordinarily, the copies in such cases must be filed in this court during the term at which the respondent recognized to appear, and they should be alleged to have been so filed in a declaration in debt on a recognizance. In debt upon a judgment or recognizance, all those matters of record upon which the plaintiff relies to sustain his case should be referred to in the declaration, with a *prout patet per recordum*, or it will be bad on demurrer.

The declaration in such case need not allege the day of the term upon which the respondent was called and his recognizance forfeited.

In debt on a recognizance the declaration should aver that the facts that the recognizance was duly taken, and that the copies were duly filed in this court, appear of record, as well as that the default and forfeiture thus appear.

Debt upon a recognizance. The writ was dated July 6, 1860, and the declaration set forth, "that at said Dover, on the seventh day of January, 1860, before one Thomas E. Sawyer, a justice of the peace within and for said county of Strafford, duly authorized by law to take the recognizance hereinafter set forth, came Isaac Farrar, of Brooklyn, in the county of Kings and State of New-York, physician, and David Davis, of Hillsborough, in the county of Hillsborough aforesaid, yeoman, and John H. Wiggins, of Dover, in said county, esquire, and jointly and severally acknowledged themselves indebted to the State of New-Hampshire in the sum of ten hundred dollars, to be levied of their goods and chattels, lands and tenements, and in default thereof upon their bodies respectively, if default be made upon the conditions following : The condition of this recognizance is such, that whereas Dorothy Huntress, of Dover, in said county of Strafford, widow, on the fifteenth day of October, 1859, exhibited to Wolcott Hamlin, Esq., a justice of the peace for said county of Strafford, her complaint on oath, that said Isaac Farrar, on the eighth day of October, in the year of our Lord one thousand eight hundred and fifty-nine, at Dover aforesaid, in the county of Strafford aforesaid, without lawful authority, unlawfully and feloniously did forcibly make an assault upon one Gelietta Farrar, and then and there, unlawfully and feloniously, without the consent of said Gelietta Farrar, and against her will, did forcibly imprison her, the said Gelietta Farrar, and detain her in prison a long time, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State ; and the said Dorothy Huntress, on oath further complains, that Isaac Farrar aforesaid, at Dover aforesaid, in the county of Strafford aforesaid, on the eighth day of October, in the year of our Lord one thousand eight hundred and fifty-nine, with force and arms, without lawful authority, and unlawfully and feloniously, did make an assault upon one Gelietta Farrar, and did forcibly

carry her, the said Gelietta Farrar, out of the State of New-Hampshire aforesaid, and into the State of Maine, without the consent of her, the said Gelietta, and against her will, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State; and whereas the said Isaac Farrar being afterward, on the fifteenth day of October aforesaid, brought, by virtue of a warrant duly issued by said justice on said complaint, before the police court of the city of Dover, in said county of Strafford, upon a hearing of said complaint, it was ordered by said police court that the said Isaac Farrar recognize in the sum of ten hundred dollars, with two sufficient sureties in the same sum each, to appear at the trial term of the Supreme Judicial Court, next to be held at said Dover, on the second Tuesday of February, 1860, and abide the order of said Supreme Judicial Court, and in the mean time to keep the peace and be of good behavior, and stand committed till said order be performed; now if said Isaac Farrar shall make his personal appearance at the court aforesaid, and then and there answer to all such matters and things as may be objected against him in behalf of said State, and there wait and abide the order of said court, and not depart without leave of the court, then this recognizance shall be void. And the plaintiff avers that certified copies of the process and record of said proceedings before said police court, and also of the record of said recognizance, were duly returned to and filed in said Supreme Judicial Court, and are now records of the same. And the plaintiff further avers that the said Isaac Farrar did not make his personal appearance at the said term of said Supreme Judicial Court, and did not then and there abide the order of said court, and not depart without leave of the court, but being then and there called to come into court and answer to the State of New-Hampshire according to the tenor of his recognizance, he did not come into court and answer to said State, but then and there made default, as by the record thereof now remaining in said court more fully appears; and the said John H. Wiggins and David Davis, being then and there called to come into court and bring with them the body of Isaac Farrar, as by their said recognizance they stood bound to do, did not bring in the body of said Isaac Farrar, but made default, as by the record thereof now remaining in said court more fully appears; whereby an action hath accrued to the State of New-Hampshire to have and recover of said David Davis the sum of ten hundred dollars; yet, though often requested, the said defendant has not paid said sum, but neglects and refuses so to do; to the damage of the said plaintiff (as he says) the sum of ten hundred dollars."

To this declaration the defendant demurred, and assigned the following causes of demurrer, namely:

"1. Because it is not in said declaration stated or alleged that the said copies of the said alleged process, and record of the proceedings of the said police court thereon, and of the said alleged recognizance, or any or either of them, were returned to the clerk of the said Supreme Judicial Court on or before the first day of the

term thereof, held at said Dover, on the second Tuesday of February, 1860, or that they or either of them were ever returned to the clerk of said Supreme Judicial Court.

2. Because it is not in said declaration alleged by whom the said copies of the process and records, therein alleged to have been returned to said Supreme Judicial Court, or any of them, were certified.

3. Because it is not in said declaration alleged where, or on what day, or at what term of said Supreme Judicial Court said alleged copies were returned thereto.

4. Because it is not in said declaration alleged that said supposed copies, so alleged to have been returned to said Supreme Judicial Court, were ever filed, enrolled, or recorded in or upon the files, rolls or records of said court.

5. Because it is not in said declaration alleged that the making and issuing of the said supposed complaint and process, and the said alleged proceedings of the said police court thereon, and the taking of said alleged recognizance by the said Thomas E. Sawyer, or any or either of them, appear by the records of the said Supreme Judicial Court.

6. Because the said Thomas E. Sawyer was not, by virtue of the said alleged order of the said police court, mentioned and set forth in said declaration, legally authorized or empowered to require or take of or from the said Isaac Farrar and his sureties, or any or either of them, the recognizance in said declaration mentioned and set forth.

7. Because the said alleged recognizance is broader and more onerous than the said alleged order of said police court, and embraces affirmative and material provisions in the condition thereof, that are not contained in, required, or authorized by said alleged order of said police court; one of which is that said Isaac Farrar, at said term of said Supreme Judicial Court, then next to be held at said Dover, on the said second Tuesday of February, 1860, should "answer to all such matters and things as might be objected against him on behalf of said State;" and another is, that he should "then and there await the order of said court, and not depart without the leave of said court;" neither of which were embraced in or required by said alleged order of said police court, as recited or set forth in said declaration.

8. Because it is alleged in said declaration that the said Isaac Farrar, at said term of said Supreme Judicial Court, held at said Dover, on said second Tuesday of February, 1860, did not depart without leave of said court.

9. Because it is not in said declaration alleged that neither the said John H. Wiggins, nor the said David Davis, brought into said court the body of said Isaac Farrar, when called and required so to do, as in said declaration is alleged.

10. Because it is not in said declaration alleged on what day the said Isaac Farrar was called to come into court, and made default as in said declaration is alleged, nor on what day the said Wiggins and Davis were called to come into court and bring with them the

body of said Isaac Farrar, and made default, as in said declaration is alleged; nor that they or either of them were ever so called by any officer of said court; nor that they or any or either of them were ever so called in open court; nor that they or either of them were ever three times called in said court.

11. Because it is not in said declaration alleged that said Thomas E. Sawyer ever returned or brought said alleged recognizance into said Supreme Judicial Court.

And also that the said declaration is in other respects uncertain, informal, and insufficient, &c."

The plaintiff joined the demurrer, and thereupon it was ordered that the questions of law arising upon said demurrer be assigned to the whole court for determination.

*Solicitor,* for the State.

*Christie, Sawyer,* and *Wiggins,* for the defendant.

SARGENT, J. The language of the statute which prescribes the magistrate's duties in cases like this, is as follows: "The justice shall make out a certified copy of the process and records in the cause, and file the same with the clerk of said court on or before the first day of the next term thereof." Rev. Stat., ch. 222, sec. 4; Comp. Laws 564. The first three causes of demurrer assigned have reference to the provisions of this statute, which, the defendant claims, are peremptory in their requirements, and must be strictly followed in order to bind him; and he claims that it should be alleged in the declaration, as well as appear of record, that all said requirements have been complied with; and we may as well consider those three causes of demurrer with the fourth together.

It is averred that the copy of the recognizance, with the other copies in the case, was duly returned to and filed in said Supreme Judicial Court, and is now a record of the same. Now this could not have been done unless such copy had been returned to and filed with the clerk of said court, and the objection that it is not averred that said copies were returned to the clerk, can not prevail. The same averment in the declaration is a sufficient answer to the fourth objection. The objection that it is not averred that such copy was returned on the first day of the term, can not prevail. The statute makes it the duty of the magistrate to return the copies on or before the first day of the next term, and if he fails to comply with this requirement, he may, perhaps, make himself liable, as in *Ex parte John Neal,* 15 Mass. 205, where a justice was fined five dollars by the court for neglecting to return a recognizance taken before him, he not having delivered the same until Wednesday, the second day of the term; and though present in court, having given no sufficient excuse for his negligence, he was ordered to be committed until said fine was paid.

But the fact that the copies were not received until the second day of the term would not discharge the respondent from his obligation to appear. If the respondent was at court, waiting to be

called, and no copies were filed, and no one appeared to move against him, he should call the matter to the notice of the court, and move to be discharged; and though he would not ordinarily be discharged at once, yet the court, after waiting a reasonable time for inquiry, and for the copies to arrive, or to be sent for if necessary, and they did not come, would discharge him and order a record thereof to be made, showing that he had appeared, and, on motion, been discharged. But if a respondent did not appear at all, it could make no difference to him whether the copies were there the first day or not till the last day of the term; and if the copies came in the last day, and the respondent had not been discharged on motion before that, it would be in season to have him called, and the record of forfeiture then made.

We do not intend to decide that if the State's counsel, having knowledge of the recognizance, should order the respondent called and have his default recorded, without any copies, and they should afterward be received during the same term, the respondent might not be held. Nor do we mean to be understood that if in such a case the forfeiture had been properly entered of record at the proper term, and no copies furnished at that term, leave might not be obtained at a subsequent term to file the copies, as of the former term, and then a *scire facias* issue and the respondent be held. These questions do not now arise. But ordinarily the copies must be returned at the term at which the respondent recognized to appear, and *scire facias*, or the declaration in debt, should aver that such was the fact. This declaration should be amended in this particular.

The second objection is not well taken. The declaration follows the words of the statute, which require the justice to make out "a certified copy of the process," &c., and a copy can not well be certified by any one but the person having the original record. This objection can not prevail.

The fifth cause of demurrer is well taken. After stating the proceedings in the police court, and the taking of the recognizance, and the filing of the same in this court, they should all have been referred to with a *prout patet per recordum.* It is held that the default must not only appear of record, but that it must be alleged in the declaration that the same appears of record. *Bridge* v. *Ford,* 4 Mass. 641; S. C., 7 Mass. 209; *Commonwealth* v. *Downing,* 9 Mass. 520; *State* v. *Chesley,* 4 N. H. 369; *People* v. *Van Eps,* 4 Wend. 387; *State* v. *Kinney,* 39 N. H. 138, and cases cited. This declaration avers that the default of the principal and the sureties appears of record, and in this respect is correct. But this sentence is so disconnected from the preceding one, that the averment *prout patet per recordum* can refer only to the default. Sometimes the declaration may be so connected as that this reference to the record may cover all the ground, both of former proceedings and the filing of the copies, as well as the default. *State* v. *Dowd,* 43 N. H. 454. But here it is not so. This averment can not refer to the preceding sentences, in which it is averred that the recognizance was taken, and a copy of the same filed in this court, and was now a record of the same.

But it is as necessary to refer to this part of the record, with a *prout patet per recordum,* as it is to the default and the record of the same. "In debt on a judgment, or other matter of record, unless where it has been stated as inducement, it is necessary, after showing the matter of record, to refer to it by the *prout patet per recordum.* But the omission will be aided unless the defendant demur." 1 Chit. Pl. 137. In this case the record of the recognizance in this court, is not stated as inducement, but is one of the main pillars on which the action rests. In this case the plea must be *nul tiel record.* The common form of a declaration in debt upon a judgment, is an illustration of the principle involved. Here a demurrer is interposed, and we think the declaration defective in this particular. *Stevenson* v. *Grant,* 5 Bos. & Pul. 103; also, Form of Declarations on Recognizances, 2 Chit. Pl. 472, *et seq.;* 2 Saund. Pl. & Ev. 750, *et seq.; Waits* v. *Briggs,* Salk. 565; Coke Litt. 303, a.

The sixth and seventh causes of demurrer raise the question of variance between the terms of the order of the police court, and the terms of the recognizance as taken. The order of the court was, that the respondent appear at the trial term, &c., and abide the order of said court. The terms of the recognizance were, that said respondent make his personal appearance at the court, &c., and then and there answer to all such matters and things as may be objected against him in behalf of said State, and there wait and abide the order of said court, and not depart without leave of said court, &c. The recognizance contains many more words than the order, but the substance of the whole is, that the respondent shall appear at a particular term, and abide the order of said court.

In *State* v. *Chesley,* 4 N. H., *supra,* under a statute authority "to take security by way of recognizance of the person for his appearance at court," the condition of the recognizance was that he should appear at the court, answer to a certain complaint, not depart without leave, but abide the order of the court; and it was there held, that the recognizance, as stated, amounted in substance only to this, that the respondent should be ready in court to answer when called to receive any order the court might make in the cause. So in this case, we think there is no substantial difference between the terms of the order and those of the recognizance. *People* v. *Stager,* 10 Wend. 431. There is no question but that the order and the recognizance were in terms alike for the appearance of the respondent at a certain term of the court, at which he did not appear but made default. A *quære* might well arise whether the recognizance would not be good and valid, so far as it followed the order, even though there might, in other matters, be a variance so wide that the recognizance might in those particulars be held to be void.

The eighth cause of demurrer has no substantial foundation in fact. Ninth. If either Wiggin or Davis had brought in the body of said Farrar, they would not both have made default as it is alleged they did. Tenth. It is entirely immaterial what day in the term said Farrar or said Wiggin and Davis were called. It may as well have been the last day of the term as the first, or any other day, provided the respondent had not, on motion, been discharged. And,

although the form of the declaration might perhaps be improved by alleging that the respondents were three times solemnly called, in open court, yet we think the allegation here must be held sufficient. Eleventh. It is entirely immaterial whether Sawyer brought the copies to court himself or sent them by another. If the copies were duly received by the clerk that is sufficient.

The demurrer is therefore sustained for the third cause assigned, so far as that it is not stated at what term of this court the copies were returned; and also for the fifth cause. There should be inserted, at the point indicated by brackets in the case, these words : "All which by the record thereof now remaining in said court more fully appears."

The declaration might be improved in form perhaps, in various other respects, but these are all the defects that seem essential, and although they would be cured by verdict if not demurred to, yet upon demurrer we must hold the declaration bad in these particulars.

*Demurrer sustained.*