Municipal Court of Portsmouth, } No. 3508.
 Jan. 2, 1945.

STATE *v.* ADAM BELMESTIERI.

*Samuel Levy*, City Solicitor, for the State.

*Arthur J. Reinhart*, for the defendant.

MARBLE, C. J. The jurisdiction conferred upon municipal courts in criminal cases is granted subject to appeal to the Superior Court. R. L., *c.* 377, *s.* 15; R. L., *c.* 421, *s.* 2. Concerning a defendant's right of appeal in such cases, the Court in *Philpot* v. *State*, 65 N. H. 250, 251, 252, approving the Massachusetts rule (see *State* v. *Coan*, 91 N. H. 489, 490), declares: "In cases triable in the lower court without a waiver of appeal, the right of appeal is not barred by a plea of guilty." We are not disposed to question this *dictum*.

This does not mean, however, that the appeal which should be allowed in the present case entitles the defendant as of right to a new trial on the merits, for unless the Superior Court, for good cause shown, permits the defendant to withdraw his plea, the only question for that Court to decide is what sentence to impose. The Massachusetts rule, mentioned above, has been thus stated:

"By his plea of guilty when first arraigned in the municipal court the defendant admitted the substantive allegations of the complaint, and while his appeal to the Superior Court after conviction vacated the judgment, it did not change the issue, which had been joined, or entitle him to a jury trial, and on the record nothing remained to be done except to impose sentence. *Commonwealth* v. *Mahoney*, 115 Mass. 151. *Commonwealth* v. *Ingersoll*, 145 Mass. 381, 382.

"The appellate court, however, upon the defendant's application, . . . could permit him to withdraw the plea below, and plead anew, if satisfied that his admission of guilt was not voluntary and intentional, but resulted from inadvertence. *Commonwealth* v. *Winton*, 108 Mass. 485." *Commonwealth* v. *Crapo*, 212 Mass. 209, 210. See *State* v. *Cotton*, 24 N. H. 143, 146; *State* v. *Coan*, 91 N. H. 489, 491. Cases allowing an appeal after a plea of guilty are collected in 16 C. J. 368, note 99, and in 22 C. J. S. 573, note 87.

The present case is to be distinguished from those cases in which a municipal or justice court (see R. L., *c.* 421, *s.* 4) has no power of final judgment unless the accused pleads guilty or *nolo contendere*. In such cases the respondent's compliance with the condition on which the court's jurisdiction depends bars his right of appeal.

*Philpot* v. *State*, 65 N. H. 250; *McQuade* v. *Manchester*, 70 N. H. 576.

It is evident that the defendant was not fully informed of his rights at the time he paid the fine, for he had not then engaged counsel and the presiding judge appears to have understood that no appeal would lie to the Superior Court where a respondent had pleaded guilty. Payment under such circumstances was not a sufficient acquiescence in the Court's order to constitute a relinquishment by the defendant of his right of appeal. See *Kilgore* v. *Association*, 78 N. H. 498.

*Exception sustained.*

All concurred.