Belknap,
No. 5190.

### STATE v. FRED GREEN.

### STATE v. RONALD STEVENS.

Argued December 3, 1963.
Decided January 31, 1964.

*William Maynard*, Attorney General, and *Alexander J. Kalinski*, Assistant Attorney General (*Mr. Kalinski* orally), for the State.

*Alfred Catalfo* (by brief and orally), for the defendants.

KENISON, C.J. The defendants appealed convictions in the Alton municipal court for the alleged violation of RSA 587:5. This statute makes it a misdemeanor, punishable by imprisonment for not more than one year and a fine of not more than three hundred dollars, to assault an officer in the service of any lawful process or order in any civil case or criminal misdemeanor. When the appeals were scheduled to be tried in the Superior Court, the county attorney entered a *nolle prosequi* in each case and filed an information against each defendant charging him with an assault on a deputy sheriff of Belknap county while in the discharge of his duties in violation of RSA 587:8. This statute makes it a misdemeanor, punishable by imprisonment for not more than six months or a fine of not more than one hundred dollars, to assault an officer in the discharge of any duty of his office in any case not included in

previous sections of the statute. The defendants objected to the entry of the *nolle prosequi*, the filing of the informations and allowing the trial to proceed.

A jury was impaneled and sworn; the defendants were arraigned and entered pleas of not guilty. The county attorney began his opening, whereupon the defendants moved that the informations be dismissed as defective in substance and insufficient in law. The State moved to amend the informations by alleging that the offense was committed in Alton in the county of Belknap and State of New Hampshire on a specified date. The defendants objected to the amendments. The Court (*Grant,* J.) offered to continue the cases if the defendants requested it but their counsel specifically refused a continuance, and the Court, in addition to transferring the defendants' other exceptions, transferred without ruling the following question: "On the state of the record, may the county attorney amend his informations in the manner and form requested?"

The first question is whether the county attorney has the right to enter a *nolle prosequi* over the defendants' objections. This matter has been considered in several cases and the prosecution has been uniformly allowed to enter a *nolle prosequi* in its reasonable discretion. *State* v. *Smith,* 49 N. H. 155, 157; *State* v. *Gratta,* 101 N. H. 87, 88; *State* v. *Lavallee* 104 N. H. 443, 446. The rule has been applied by permitting an information to be filed in substitution for the original complaint which has been nol prossed upon appeal. *State* v. *Cook,* 96 N. H. 212.

The defendants had an absolute right of appeal from their convictions in the municipal court. RSA 592-A:2 (supp); RSA 599:1 (supp). See *State* v. *Gerry,* 68 N. H. 495; *State* v. *Jackson,* 69 N. H. 511. The effect of an appeal, to the Superior Court from a conviction in the municipal court, is to vacate that judgment and transfer the whole proceeding to the Superior Court, there to be tried de novo on the original complaint, unless amended or on an information substituted for the original complaint. *State* v. *Cook,* 96 N. H. 212, 214. A criminal information is subject to amendment under RSA 601:8 in the same manner as a criminal complaint. *State* v. *Company,* 84 N. H. 322. The informations filed in the present case were defective in their failure to allege the time and place of the offense, but this was a deficiency which could be corrected by seasonable amendment. *State* v. *Kelley,* 66 N. H. 577, 578;

*State* v. *Skillings*, 99 N. H. 427, 429; *State* v. *Lorusso*, 195 A. 2d 429 (Conn. 1963).

The defendants were not placed in double jeopardy by the action of the State in entering a *nolle prosequi* on the appeals and filing an amended information in substitution thereof. *State* v. *Sherburne*, 58 N. H. 535; *State* v. *Donovan*, 97 N. H. 190; N. H. Const., Pt. I, *Art.* 16th. The offense under RSA 587:8 was not the same offense as under RSA 587:5. The constitutional prohibition against former jeopardy has not been offended. *State* v. *Smith*, 98 N. H. 149; *State* v. *Harlan*, 103 N. H. 31. *Green* v. *United States*, 355 U. S. 184, does not compel any different result.

*Remanded.*

All concurred.