Nashua District Court,
No. 5496.

## STATE *v.* RONALD N. DESPRES.

Argued June 8, 1966.
Decided June 30, 1966.

*George S. Pappagianis*, Attorney General and *William J. O'Neil*, Assistant Attorney General ( *Mr. O'Neil* orally ), for the State.

*Winer, Lynch & Gormley* and *Henry F. Spaloss* ( *Mr. Spaloss* orally ), for the defendant.

KENISON, C. J. The offense with which the defendant is charged is operating a motor vehicle while under the influence of intox- icating liquor. This is a misdemeanor and a part of the penalty for the first offense is that " his license shall be revoked for a period of sixty days and at the discretion of the court for a period not to exceed two years. " RSA 262 - A:62 ( supp ); Laws 1963, 330:1. Pending appeal of a conviction for this offense the statute provides that the license is suspended. RSA 262 - A:65 ( supp ); Laws 1963, 330:1. The defendant contends that the suspension of his license pending appeal is an unconstitutional impairment of his right to a trial by jury. N. H. Const., Part I, *Art.* 15th.

In this state the statutory scheme for the trial of misdemeanors is a trial in the first instance in a municipal or district court with an absolute right of appeal to the Superior Court where the trial is de novo before a jury . *State* v. *Green*, 105 N. H. 260; *State* v. *Ring*, 106 N. H. 509. RSA 502:18 ( supp ); Laws 1963, 331:7; RSA 502-A:11, 12 ( supp ); Laws 1963, 333:1; RSA 599:1 ( supp ); Laws 1965, 86:1. This would appear to be in conformity with the 1912 amendment to N. H. Constitution, Part II, *Art.* 77 which authorized the Legislature " to give to police courts original jurisdiction to try and determine, *subject to right of appeal and trial by jury*, all criminal causes wherein the punishment is less than imprisonment in the state prison. " ( Emphasis supplied ).

The *Opinion of the Justices*, 102 N. H. 183 is pertinent to this case. There it was decided that a statute which suspended an operator's license after a court conviction for a motor vehicle offense would be a reasonable regulation in the interest of public safety and not violative of our Constitution. In *State* v. *Wood*, 98 N. H. 418 it was held that a defendant was not entitled to transfer his case to the Superior Court for a trial by jury without a trial in the municipal court where the criminal complaint for operating a motor vehicle while under the influence of intoxicating liquor was pending. See also, Annot. 5 A.L.R. 2d 675, 690;

*Glenn* v. *Commissioners of District of Columbia* ( 1958, Mun. Ct. App. D.C. ), 146 A. 2d 575. Whether a motor vehicle license is considered a privilege or a right or a combination of both " it is nevertheless subject to regulation under the police power. " *Opinion of the Justices, supra*, 186; *State* v. *Gallagher*, 102 N. H. 335, 338. See *Wall* v. *King*, 206 F. 2d 878 ( 1st Cir. 1953 ).

We cannot say that RSA 262-A:65 ( supp ); Laws 1963, 330:1, which requires suspension of a motor vehicle license after conviction in the district or municipal court and pending appeal to the Superior Court for trial by jury, is an unconstitutional impairment of the right to trial by jury. *State* v. *Wood*, 98 N. H. 418. However it is recognized that there may be cases where the period of suspension will be longer in some counties than others because of the time required to obtain a jury trial. In the absence of factual data on this point, we are not the branch of government to suggest the remedy for this problem. " Clearing the highways of irresponsible drivers " is one of the " problems that have taxed the ingenuity of lawmakers and administrators. " *California Auto Ass'n* v. *Maloney*, 341 U. S. 105, 110. We decide only that the statute is constitutional as a reasonable regulation in the interest of public safety and leave to the legislative and executive branches consideration of the need for improvement or change after study, investigation and hearings. Whether the statute should be amended and in what respects is " a matter for legislative therapy rather than judicial surgery. " *Catalfo* v. *Cotton*, 104 N. H. 290, 293, *Cf.* RSA 502-A:15 ( supp ); Laws 1963, 331:1.

*Exception overruled; remanded.*

All concurred.