Rockingham
No. 6421

STATE OF NEW HAMPSHIRE

v.

JOHN L. POMEROY

November 30, 1973

*Warren B. Rudman,* attorney general, and *Robert V. Johnson II,* assistant attorney general *(Mr. Johnson* orally), for the State of New Hampshire.

*William P. Shea,* by brief and orally, for the defendant.

PER CURIAM. The sole issue in this case is whether the failure of a complaint filed in the superior court on appeal from a municipal court to show the attestation of the municipal court justice in accordance with RSA 597:10 (Supp. 1972) required the dismissal of the charges against the defendant in the superior court.

Defendant was convicted in the Municipal Court of Epping on April 17, 1971, of operating a motor vehicle while under the influence of intoxicating liquor in violation of RSA 262-A:62 (Supp. 1972) and appealed to the superior court. After a jury was impaneled and the presentation of the State's case began, defendant moved for dismissal on the ground that there was not "a properly executed or attested complaint before the Court". The basis of the motion was that the complaint had not been attested by the municipal court as required by RSA 597:10 (Supp. 1972). At the end of the trial the State's motion to amend by adding the attestation was granted, subject to exception which was transferred by *Morris*, J.

RSA 597:10 (Supp. 1972) provides as follows: "In case of appeal the municipal and district courts shall cause true and attested copies of the complaint, other process, records and recognizances, together with any cash bail in the case to be filed with the clerk of the superior court within ten days after the date of such order for recognizance."

The complaint upon which defendant was tried in the superior court was identical to the one upon which he was tried in the municipal court. There is no claim that it is different or that it is inadequate in any way except for the lack of attestation. The requirement of attestation may be met by amendment under RSA 601:8 and does not entitle the defendant to have the matter dismissed. *State v. Davis*, 43 N.H. 600 (1862); *State v. Green*, 105 N.H. 260, 197 A.2d 204 (1964).

*Exceptions overruled.*