Merrimack District Court
No. 7046

STATE OF NEW HAMPSHIRE

v.

JOHN H. HANDFIELD

November 28, 1975

*Warren B. Rudman,* attorney general, and *Robert V. Johnson II,* assistant attorney general *(Mr. Johnson* orally), for the State.

*Craig, Wenners, Craig & McDowell (Mr. Joseph F. McDowell III* orally) for the defendant.

GRIMES, J. This transfer involves the questions whether a defendant's driver's license may be revoked upon his being found guilty of driving while intoxicated in violation of RSA 262-A:62 (Supp. 1973) by a judge without a jury but before he has been found guilty by a jury on appeal to the superior court

under our two-tier system; and whether the State's case should have been dismissed and certain evidence suppressed. The issues have been transferred on an agreed statement of facts by *Middleton*, J., after a trial without jury, a finding of guilty of driving while intoxicated and the revocation of defendant's license and imposition of a fine.

Defendant was stopped by two officers who had been following him and who testified he had been weaving. He was asked to get out and to go through some "physical performance tests" as a result of which the officers concluded he was under the influence of intoxicating liquor. He was then put under arrest, placed in the cruiser, given the *Miranda* warnings, and told of his rights under the implied consent law. He asked for a lawyer but was told he could not have one until after he had had a blood alcohol test. He was taken to the police station where he was questioned, given the finger-to-nose test and then a blood alcohol test.

Defendant's request that his case be transferred to the superior court for trial by jury was denied. He also moved to dismiss and to suppress the state's evidence on the ground that he was required to submit to physical performance tests while not under arrest and had not been warned of his constitutional rights. These motions were denied. He also moved to suppress the blood alcohol test and other evidence because he was questioned and given the finger-to-nose test after having requested a lawyer and that this evidence led the police to take a blood alcohol test. The district court excluded the evidence of the finger-to-nose test and any statements which he made after his request for a lawyer. The result of the blood alcohol test, however, was admitted.

Defendant attacks our two-tier system established under the authority of our constitution (N.H. CONST. pt. II, art. 77) by which a person charged with a misdemeanor is tried in the district court without a jury and if found guilty is given the right of appeal to the superior court with a trial de novo by jury unless waived. He claims first that he is entitled to a trial by jury before his license may be revoked and that, therefore, the revocation of his license after a trial without jury in the district court and before a trial by jury in the superior court on appeal deprives him of his constitutional right. This issue was settled adversely to the defendant in *State v. Bowles*, 113 N.H. 571, 311 A.2d 300 (1973) and *State v. Despres*, 107 N.H. 297, 220 A.2d 758 (1966), and we are not disposed to overrule those cases.

Defendant claims that the two-tier system violates his right to

jury trial under the sixth amendment to the Constitution of the United States which was made applicable to the States in *Duncan v. Louisiana,* 391 U.S. 145 (1968). His claim is that he is entitled to a jury trial in the first instance. Since violations of RSA 262-A:62 (Supp. 1973) carry a penalty not exceeding one year's imprisonment, the defendant is entitled to a jury trial under the Constitution of the United States. *Baldwin v. New York,* 399 U.S. 66 (1970). This does not mean, however, that our two-tier system deprives him of that right.

Defendant relies heavily on *Callan v. Wilson,* 127 U.S. 540 (1888), involving the two-tier system in the District of Columbia. That case was limited by its own terms to prosecutions "conducted either in the name, or by or under the authority of the United States."

Although *Duncan* did make the sixth amendment right applicable to the States, it did not mandate that all the prior federal decisions interpreting that right were applicable to the States and footnote 30 in *Duncan* so indicated. Three areas were mentioned in the footnote, one of which was the two-tier system in effect in some States. In the other two areas, the prior decisions applicable to federal courts have not been made applicable to the States. *Compare Williams v. Florida,* 399 U.S. 78 (1970) *with Thompson v. Utah,* 170 U.S. 343 (1898) (less than twelve-person juries) *and Johnson v. Louisiana,* 406 U.S. 356 (1972) *and Apodaca v. Oregon,* 406 U.S. 404 (1972) *with Maxwell v. Dow,* 176 U.S. 581 (1900). In *Colten v. Kentucky,* 407 U.S. 104 (1972), involving the Kentucky two-tier system, the Court said, "We cannot say that the Kentucky trial de novo system as such is unconstitutional . . . ." *Id.* at 119.

We agree with the Supreme Judicial Court of Massachusetts that it is unlikely that the Supreme Court of the United States would follow *Callan* at the present time or that even if it did with regard to federal cases that it would as to the States. *Whitmarsh v. Commonwealth,* 316 N.E.2d 610, 619 (Mass. 1974); *Commonwealth v. Ludwig,* 330 N.E.2d 467 (Mass. 1975), *prob. juris. noted,* 44 U.S.L.W. 3279 (Nov. 11, 1975.) In fact, all indications are to the contrary. Defendant gains no support from *Costarelli v. Massachusetts,* 421 U.S. 193 (1975), wherein the Supreme Court gave no indication how it would rule on the validity of the Massachusetts two-tier system. We find no basis, therefore, to hold that our two-tier system which is expressly authorized by our own constitution deprived defendant of his sixth amendment right.

Defendant contends that his motion to dismiss and his motion to

suppress the results of the breathalyzer test should have been granted because he was required to submit to physical performance tests prior to his arrest in violation of his fourth and fifth amendment rights. This issue was decided adversely to the defendant in *State v. Arsenault,* 115 N.H. 109, 336 A.2d 244 (1975). Defendant equates the giving of the performance tests with the taking of blood and argues that *Schmerber v. California,* 384 U.S. 757 (1966), permits the tests only after a valid arrest. In *Schmerber* the taking of blood was treated as a search and was permitted without a warrant in that case, because the same facts which justified the arrest also gave probable cause to search and the fact that blood alcohol declines with the passage of time furnished an emergency situation which permitted the search without a warrant. We find nothing in that case which supports the defendant's claim in this case.

We also reject defendant's claim that the result of the breathalyzer test should have been excluded because the police were led to subject him to the test because of information which they acquired by questioning after he had requested counsel. We have no record of what statements the defendant made as they were excluded by the trial court, but the record is clear that the decision to test his blood alcohol was made at the scene and before he was questioned at the station. We find no basis, therefore, for the exclusion of the results of the breathalyzer test.

*Exceptions overruled.*

All concurred.