Hillsborough
No. 7269

Milford District Court
No. 7308

STATE OF NEW HAMPSHIRE

v.

ROBERT W. DICKSON

STATE OF NEW HAMPSHIRE

v.

GEORGE A. ROGERS

March 31, 1976

*David H. Souter,* attorney general, and *Robert V. Johnson II,* assistant attorney general *(Mr. Johnson* orally), for the State.

*Sheehan, Phinney, Bass & Green* and *James E. Higgins, W. Michael Dunn* and *E. Tupper Kinder (Mr. Kinder* orally) for the defendant.

GRIMES, J. The issues in these two driving-while-intoxicated cases are whether our two-tier system requiring defendants to be tried in the district court without jury subject to appeal with a right to trial de novo by jury in the superior court violates defendants' constitutional rights and whether the district court had discretion at defendants' request to transfer before trial cases begun in the district court to the superior court for trial by jury in the first instance.

Each defendant was charged with driving a motor vehicle while under the influence of intoxicating liquor. RSA 262-A:62 (Supp. 1975). The defendant Rogers in the Milford District Court moved (1) for an immediate transfer to the superior court; (2) that if found guilty in district court, the court hold in abeyance the suspension of his driver's license while his appeal was pending; and (3) that if the court believed it lacked jurisdiction to grant either of the other motions, to transfer the questions raised by the motion to this court. The first two motions were denied and the third was granted by *Lizotte,* J.

The defendant Dickson moved in the Merrimack District Court that he be tried first in the superior court. This motion was granted and the court transferred the case to the superior court. The State moved in the superior court that the case be remanded to the district court. The defendant objected, claiming (1) that his right to due process would be violated by requiring him to lose his license pending appeal if convicted without jury in the district court; (2) that he would be denied due process if he is forced to defend twice against the charge in order to obtain a trial by jury; and (3) that a remand would unlawfully limit the inherent power of the district court to transfer the case. All questions of law raised by these objections were transferred without ruling by *Bois,* J.

The constitutionality of our two-tier system and of the suspension of a defendant's license before conviction by jury was upheld

in *State v. Handfield,* 115 N.H. 628, 348 A.2d 352 (1975). We perceive nothing to distinguish these cases from Handfield and there are no new arguments or developments which warrant any different conclusion than we reached in that case.

The defendants also contend that the district court has the inherent judicial power to transfer these cases to the superior court for trial by jury in the first instance. It is further argued that the superior court can review such action of the district court only for abuse of discretion. RSA 502-A:11 reads in pertinent part, "Each district court shall have ... original jurisdiction subject to appeal of all crimes and offenses committed within the confines of the district in which such court is located which are punishable by a fine not exceeding one thousand dollars or imprisonment not exceeding one year, or both." RSA 592-A:1 grants to the superior court jurisdiction of all criminal cases, "but it may dismiss a prosecution originally begun therein which is within the jurisdiction of a municipal court." These two statutes taken together, have been construed to mean that the superior court has concurrent but discretionary jurisdiction with the district and municipal courts over misdemeanors. *State v. Blouin,* 110 N.H. 202, 203, 263 A.2d 677, 678 (1970).

We hold that whatever discretion the district court may have under different circumstances to transfer a case to the superior court for trial in the first instance, it has no authority to do so merely because the defendant seeks to be tried by jury in the first instance. The clear import of the statutory scheme is that cases within their jurisdiction which are begun in the district courts shall be tried there, subject to appeal and trial de novo. One indication of this legislative intent is that although prior to 1965 there was a statutory right to a transfer to the superior court for a jury trial in the first instance (Laws 1947, ch. 67), this was expressly repealed. *See* RSA 502:23.

*Both cases remanded.*

All concurred.