Grafton
No. 7230

FOSTER JENKINS

v.

CANAAN MUNICIPAL COURT

October 29, 1976

*Baker & Page* and *Eugene C. Struckhoff III* and New Hampshire Legal Assistance, *Martha M. Davis (Mr. Struckhoff* orally) for the plaintiff.

*David H. Souter,* attorney general, and *Robert V. Johnson II,* assistant attorney general *(Mr. Johnson* orally), for the defendant.

*Allan Ashman* and *Karen Knabb* (of Illinois), by brief, for The American Judicature Society, as amicus curiae.

LAMPRON, J.   Petition for a writ of prohibition to prevent Daniel W. Fleetham, Judge of the Canaan District Court, from presiding over plaintiff's pending trial in that court on a charge of driving while intoxicated second offense, a misdemeanor. (RSA 262-A:62 (Supp. 1975)). Judge Fleetham is the sole justice of that court and is not an attorney. If convicted the plaintiff could be sentenced to a maximum fine of $1,000, one year in the house of correction, three years loss of license, or a combination thereof.

The following question was reserved and transferred, in advance of trial and without ruling, by *Perkins,* J.: "May a nonattorney judge constitutionally preside over criminal trials of offenses punishable by jail sentences in the District or Municipal Courts of the State of New Hampshire?"

Since the parties have argued and submitted this matter to this court, the United States Supreme Court in *North v. Russell,* 96 S. Ct. 2709 (1976), has considered and passed on most of the arguments advanced by the plaintiff and amicus curiae in support of a negative answer to the transferred question.

They argue that, since the enactment in 1915 of RSA ch. 502 establishing municipal courts to be presided by a "learned, able, and discreet person," the complexity of a criminal trial has increased immeasurably. A new body of constitutional law has been created with which prosecutors, defense counsel, and judges in municipal and district courts (RSA ch. 502-A) must develop knowledge and expertise. To compel a defendant to be tried for an offense punishable by a jail sentence before a nonattorney judge, they maintain is a violation of the defendant's right to a fair trial by failing to provide him with a tribunal adequately trained in the law which is essential to defendant's right to the effective aid of counsel. *Wolf v. Colorado,* 338 U.S. 25, 27 (1949); *In re Murchison,* 349 U.S. 133, 136 (1955); *Argersinger v. Hamlin,* 407 U.S. 25 (1972); *see State v. Clough,* 115 N.H. 7, 332 A.2d 386

(1975); N.H. CONST. pt. I, art. 15. Plaintiff and amicus argue further that the right to appeal to the superior court with a trial de novo under our two-tier system does not cure these constitutional infirmities.

The United States Supreme Court considered these contentions in *North v. Russell,* 96 S. Ct. 2709, 2712 (1976), and stated that in the context of the two-tier system of courts in Kentucky "it is unnecessary to reach the question whether a defendant could be convicted and imprisoned after a proceeding ... conducted by a lay judge. In all instances, a defendant in Kentucky facing a criminal sentence is afforded an opportunity to be tried *de novo* in a court presided over by a lawyer-judge since an appeal automatically vacates the conviction in police court.... The trial *de novo* is available after either a trial or a plea of guilty in the police court...." The court held that, under such a system, an accused who is charged with a misdemeanor for which he is subject to possible imprisonment is not denied due process of law when tried before a nonlawyer judge in a lower court. *North v. Russell supra; see Colten v. Kentucky,* 407 U.S. 104 (1972).

New Hampshire has a comparable two-tier court system which operates in a similar manner. "In this state the statutory scheme for the trial of misdemeanors is a trial in the first instance in a municipal or district court with an absolute right of appeal to the Superior Court where the trial is de novo before a jury." *State v. Despres,* 107 N.H. 297, 298, 220 A.2d 758, 759 (1966). The effect of such an appeal is to vacate the municipal or district court judgment. *State v. Hennessey,* 110 N.H. 447, 270 A.2d 613, 614 (1970). The right of appeal is not barred by a plea of guilty in the absence of a waiver of such right. *State v. Belmestieri,* 93 N.H. 262, 263, 40 A.2d 836 (1945).

We have held that our two-tier system is constitutional and does not violate a defendant's constitutional right to a jury trial. *State v. Handfield,* 115 N.H. 628, 348 A.2d 352 (1975); *State v. Dickson,* 116 N.H. 175, 355 A.2d 822 (1976); *see Ludwig v. Massachusetts,* 96 S. Ct. 2781 (1976). We hold that our two-tier system comes within the ruling in *North v. Russell,* 96 S. Ct. 2709 (1976), that a defendant tried before a municipal or district court presided by a nonlawyer judge is not deprived under our system of his right to a fair trial and to the effective aid of counsel. *Colten v. Kentucky,* 407 U.S. 104 (1972); *see Whitmarsh v. Commonwealth,* 74 Mass. Ad. Sh. 1403, 316 N.E.2d 610 (1974).

The answer to the transferred question is "Yes", a nonattorney

judge may constitutionally preside over criminal trials of offenses punishable by jail sentences in the district or municipal courts of our State.

The American Judicature Society, as amicus curiae, argues that permitting nonlawyer judges to preside over trials of criminal offenses punishable by a jail sentence is adverse to the public interest. The Society maintains that such a system impairs the quality of judicial administration and is contrary to the present trend. This practice was probably justified when modes of travel were not as available as they are today and lawyers could not be obtained for each court. These conditions, it maintains, do not exist presently. *See* National Advisory Commission on Criminal Justice Standards and Goals, Task Force Report: Courts 161 (1973); The Institute of Judicial Administration, A District Court for New Hampshire, Report To The Administrative Committee Of The District and Municipal Courts (1973). These arguments have considerable merit in our opinion, but they do not resolve the constitutional issue presented by the transferred question.

*Remanded.*

BOIS, J., did not sit; the others concurred.