Hillsborough
No. 83-438

THE STATE OF NEW HAMPSHIRE

v.

ALFRED LAMBERT

August 13, 1984

*Gregory H. Smith*, attorney general (*Robert B. Muh*, attorney, on the brief and orally), for the State.

*James E. Duggan*, appellate defender, of Concord, by brief and orally, for the defendant.

DOUGLAS, J.   The defendant pleaded guilty to a misdemeanor in the Nashua District Court (*Lynch*, J.) and after sentencing appealed to the superior court. The Superior Court (*Goode*, J.) limited the scope of its review to the sentence imposed on the defendant, and the defendant appealed from this decision. We affirm.

The defendant was charged with a misdemeanor, driving after suspension of his license. RSA 263:64 (Supp. 1983). He signed a waiver of counsel and acknowledgment of rights form, and pleaded guilty without the assistance of counsel in the district court. Following sentencing, the defendant appealed to the superior court and counsel was appointed.

On appeal, the defendant moved to dismiss the complaint because the complaint failed to allege a culpable mental state. The defendant argued that, because the complaint failed to allege a culpable mental state, the district court was without jurisdiction to accept his guilty plea. The superior court denied the defendant's motion and limited its review of the district court proceedings to consideration of the defendant's sentence.

The defendant contends that his appeal to the superior court is not limited to a review of his sentence but, rather, that he is entitled to a complete review of the district court proceedings by the superior court. Appeals from the district court to the superior court are provided for by statute and are constitutional. *See* RSA 502-A:11 and RSA 599:1 (Supp. 1983); *Jenkins v. Canaan Mun. Ct.*, 116 N.H. 616, 618, 366 A.2d 208, 209 (1976) ("We have held that our two-tier system is constitutional and does not violate a defendant's constitutional right to a jury trial."); *see also Justices of Boston Municipal Court v. Lydon*, 104 S. Ct. 1805, 1814–15 (1984).

■  RSA 599:1 (Supp. 1983) provides that: "A person sentenced by a district or municipal court for a misdemeanor or for any offense which provides the basis for enhanced penalties if the offender is subsequently convicted of the same offense may, at the time the sentence is declared, appeal therefrom to the superior court." We have previously had occasion to interpret the effect of this statute. In *State v. Green*, 105 N.H. 260, 197 A.2d 204 (1964), we stated that the statute entitled the defendant to "an absolute right of appeal from their convictions in the municipal court." *Id.* at 261, 197 A.2d at 205. We held that the effect of an appeal from the municipal court to the superior court was to "vacate that judgment and transfer the whole proceeding to the Superior Court, there to be tried de novo on the original complaint, unless amended . . . ." *Id.;* *see State v. Cook*, 96 N.H. 212, 214, 72 A.2d 778, 779 (1950) ("It vacates that judgment and transfers the whole proceeding to the Superior Court, there to be tried *de novo* . . . ."); *see also Jenkins v. Canaan Mun. Ct. supra*; *State v. Hennessey*, 110 N.H. 447, 447, 270 A.2d 613, 614 (1970).

■  The defendant, however, pleaded guilty and signed a standard "waiver of counsel and acknowledgment of rights" form on March 16, 1983. Provision number three of this form states: "I understand that by pleading guilty or nolo to the complaint I am waiving a trial by the Court *or* by jury on appeal . . . ." (Emphasis added.) The defendant does not contend that this waiver was not knowingly and voluntarily executed. The defendant, therefore, waived any right to a *de novo* trial, either by judge or jury, while preserving only the right to appeal the sentence under RSA 502-A:12 (Supp. 1983); *see* DIST. & MUN. CT. RULE 2.9 (which provides that the waiver state that "by pleading guilty . . . I may appeal the sentence to the Superior Court.") The defendant's waiver contained this exact language.

*Affirmed.*

All concurred.