Hillsborough-southern judicial district
No. 94-475

THE STATE OF NEW HAMPSHIRE

v.

DOUGLAS R. GUY, JR.

November 21, 1995

*Jeffrey R. Howard,* attorney general (*John C. Kissinger, Jr.,* assistant attorney general, on the brief and orally), for the State.

*Matthew W. Glavey,* of New Ipswich, by brief and orally, for the defendant.

HORTON, J. The defendant, Douglas R. Guy, Jr., appeals the ruling of the Superior Court (*Barry,* J.) remanding his case to the district court for imposition of sentence. We reverse and remand to the superior court for a bench trial.

On January 25, 1994, the defendant was convicted in Jaffrey-Peterborough District Court (*Runyon,* J.) of disorderly conduct, a class A misdemeanor. RSA 644:2, III(a), (b) (1986). He was sentenced to pay a fine of $500, of which $250 was suspended for one year, and a penalty assessment of $100, of which $50 was suspended for one year. The defendant immediately appealed for a trial *de novo* in superior court pursuant to RSA 599:1 (Supp. 1994). By notice to the superior court dated February 17, 1994, the State elected to treat the matter as a class B misdemeanor pursuant to RSA 625:9, VII(b) (Supp. 1994), and alleged that the defendant therefore had no right to appeal to superior court. The superior court remanded to the district court, which informed the defendant that he must therefore comply with the original disposition of the case. The defendant moved for reconsideration and/or clarification in the superior court requesting that the court either rescind the order of remand and schedule a jury trial, retain the matter for a bench trial, or remand to the district court for a new trial. The motion was denied. The defendant appeals the denial of the motion for reconsideration.

Appeals from the district court are governed by RSA 599:1, which provides, in part:

A person convicted by a district or municipal court of a class A misdemeanor, at the time the sentence is declared, *may*

*appeal therefrom to the superior court, which shall hear the appeal.*

(Emphasis added.) The effect of such an appeal is to "vacate that judgment and transfer the whole proceeding to the Superior Court, there to be tried de novo on the original complaint, unless amended . . . ." *State v. Green*, 105 N.H. 260, 261, 197 A.2d 204, 205 (1964); see *State v. Lambert*, 125 N.H. 442, 444, 480 A.2d 205, 206 (1984).

The classification of crimes is governed by RSA 625:9. That statute provides, in part:

VII. The state may change any offense designated or defined as a class A misdemeanor as defined by paragraph IV to a class B misdemeanor if such change is in the interest of public safety and welfare and is not inconsistent with the societal goals of deterrence and prevention of recidivism, as follows:

(a) In its own discretion prior to or at the time of arraignment in the district court;

(b) *In its own discretion following an entry of appeal in the superior court or within 20 days thereafter*; or

(c) With the agreement of the person charged at any other time.

VIII. If a person convicted of a class A misdemeanor has been sentenced and such sentence does not include any period of actual incarceration or a suspended or deferred jail sentence or any fine in excess of the maximum provided for a class B misdemeanor in RSA 651:2, IV(a), the court shall record such conviction and sentence as a class B misdemeanor. *Notwithstanding the foregoing, the person so convicted shall be deemed to have been convicted of a class A misdemeanor for the purposes of appeal.*

(Emphasis added.) The maximum fine for a class A misdemeanor is $2,000; the maximum fine for a class B misdemeanor is $1,200. RSA 651:2, IV(a) (Supp. 1994).

In the case before us, the defendant was charged with a class A misdemeanor and on this basis was tried, convicted, and sentenced. Since the sentence imposed on the defendant amounted to less than the statutory maximum for a class B misdemeanor under RSA 651:2, IV(a), the conviction and sentence necessarily were recorded as for a class B misdemeanor under RSA 625:9, VIII. Nevertheless, the defendant is deemed to have been convicted of a

class A misdemeanor for the purposes of appeal. RSA 625:9, VIII. The State was authorized to change the class A misdemeanor to a class B misdemeanor after the defendant entered his appeal, RSA 625:9, VII(b); however, the consequences of that election are in dispute.

■ The State argues that its post-appeal election to change the matter to a class B misdemeanor removed from the defendant his right to appeal for a trial *de novo*, and, therefore, the case properly was remanded to the district court for imposition of sentence. We disagree. If the State's argument were valid, both the statutory guarantee of a defendant's right to a trial *de novo* in superior court for a conviction of a class A misdemeanor and the statutory provision deeming *all* persons convicted of class A misdemeanors so convicted for purposes of appeal would be meaningless for defendants such as Mr. Guy. Moreover, such an interpretation of RSA 625:9, VII(b) would give the State the power to rescind retroactively a statutory right that has already been exercised. We will not allow the State to interlard such power into RSA 625:9. The State is free to make its decision anytime before arraignment in district court and anytime with the agreement of the person charged. RSA 625:9, VII(a), (c). When the State changes the offense to a class B misdemeanor *after* a defendant has exercised his or her right to appeal, however, the matter goes forward, *de novo*, as a class B misdemeanor. RSA 599:1 mandates that whatever its current status, the matter shall be heard in superior court since the underlying conviction is for a class A misdemeanor.

■ In this case, since the State has changed the matter to a class B misdemeanor, the defendant does not enjoy the right to a jury trial. *See Opinion of the Justices (DWI Jury Trials)*, 135 N.H. 538, 541-42, 608 A.2d 202, 204 (1992). He has, nevertheless, preserved his right to a new trial. The superior court's remand to the district court is reversed, and the defendant's case is remanded to superior court for a bench trial as a class B misdemeanor.

*Reversed and remanded.*

BRODERICK, J., did not sit; the others concurred.