Stratton v. Nashua                    CV-96-179-SD 09/22/97

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


<u>Jerry B. Stratton, Jr., et al</u>


    v.                                  Civil No. 96-179-SD


<u>City of Nashua, NH, et al</u>


**O R D E R**


This is a civil rights action, 42 U.S.C. § 1983,[1] the genesis of which is an altercation between and among the plaintiffs and certain police officers employed by the City of Nashua, New Hampshire.  At this juncture, before the court for

---

[1] In relevant part, 42 U.S.C. § 1983 provides,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Plaintiffs also seek recovery for certain state common law claims pursuant to the pendent jurisdiction of the court.  28 U.S.C. § 1367(a).

resolution are the issues raised by certain pending motions.[2]


1.  Defendants' Motion in Limine to Take Judicial Notice of

Certified Records of Conviction, document 9

Invoking Rule 201(d), Fed. R. Evid.,[3] defendants move the court to take judicial notice of certified convictions of certain of the plaintiffs[4] in the Nashua District Court.

As a general rule, "federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990) (citations omitted).  The problem with this case arises from New Hampshire's "two-tier" system whereby a party charged with a misdemeanor may appeal an adverse state district court ruling to the superior court for a jury trial. This right is granted by the state constitution, part I, article 15, Opinion of the Justices (DWI Jury Trials), 135 N.H. 538, 608

_____

[2]The court does not here rule on the respective parties' requests for voir dire questions, their objections to exhibits, or their requests for jury instructions, as these matters will be taken up at the time of trial.

[3]Rule 201(d) provides, "A court shall take judicial notice if requested by a party and supplied with the necessary information."

[4]These plaintiffs are Jerry Stratton, Vincent Stratton, Richard Stratton, Suzanne Wood, Thomas Dietrich, and Arnold Greene.

A.2d 202 (1992), and also by a state statute, New Hampshire Revised Statutes Annotated (RSA) 599:1 (Supp. 1996).

The effect of such appeal of a state district court order is to vacate the judgment and transfer the entire proceeding to the superior court for trial de novo. State v. Guy, 140 N.H. 453, 667 A.2d 1026 (1995); State v. Lambert, 125 N.H. 442, 480 A.2d 205 (1984). In this instance, such appeals resulted in acquittals or dismissals of each of the findings against plaintiffs in the district court.

Accordingly, the motion in limine seeking judicial notice of the state district court convictions must be and it is herewith denied.


2. Defendants' Motion in Limine for Ruling of Law Regarding Arguable Probable Cause, document 10

Relying on the findings of the state district court above discussed, plaintiffs urge that this court rule as a matter of law that the defendant police officers have proven arguable probable cause for their arrests of plaintiffs. The plaintiffs object. Document 18.

It is the general rule that probable cause to make an arrest exists if the facts and circumstances of which the arresting officer has knowledge are sufficient to lead an ordinarily

3

prudent officer to conclude that an offense has been, is being, or is about to be committed, and that the putative arrestee is involved in the crime's commission.  Logue v. Dore, 103 F.3d 1040, 1044 (1st Cir. 1997).  See also Hartgers v. Town of Plaistow, 141 N.H. 253, 255, 681 A.2d 82, 84 (1996).  And while an acquittal does not equate with absence of probable cause for an arrest, for the standards for determination of probable cause and for a criminal conviction markedly differ, Brumfield v. Jones, 849 F.2d 152, 155 (5th Cir. 1988), any ruling on probable cause made by this court at this stage of the proceedings would be premature.  This is so because the record currently before the court is woefully inadequate to support any such ruling.[5]  The motion is accordingly denied.[6]

---

[5]Even were this a motion for summary judgment with conflicting factual affidavits, it is doubtful the court would be in a position to rule on the issue.  See Brumfield, supra.

[6]This ruling is, of course, without prejudice to the defendants' right to move for judgment as a matter of law (JMOL) pursuant to Rule 50(a), Fed. R. Civ. P., at the close of the plaintiffs' case.

## 3. Defendants' Objection to Damage Evidence of Plaintiffs' Attorney Fees Incurred in Defending the Underlying Criminal Action, document 19

All plaintiffs but Jody Landry were charged with various criminal offenses. The findings of guilty made at the state district court level were vacated on appeal, which resulted in either dismissals or acquittals. Plaintiffs seek to include as elements of their damage the attorney fees incurred in defending these criminal cases. Claiming lack of causation, the defendants here move to bar evidence of such fees as elements of plaintiffs' damages. The plaintiffs object. Document 25.

Again, it would be premature for the court to attempt to rule on this issue at the present time. The thrust of defendants' claim is that independent action on the part of the prosecutor or state district court judge insulates them from liability for such damages.

Ordinarily, reasonable attorney fees incurred by a plaintiff in an underlying criminal action can constitute part of the foreseeable economic damages unless the prosecutor's decision to file charges is such an independent judgment that it must be considered the proximate cause of the subsequent criminal proceedings. Varlow v. Grow, 943 F.2d 1132, 1136 (9th Cir. 1991) (citing Borunda v. Richmond, 885 F.2d 1384, 1389-90 (9th Cir.

1988)).  But the chain of causation is broken only where all the facts are presented to the alleged prosecutorial officer.  Taylor v. Gregg, 36 F.3d 453, 457 (5th Cir. 1994).

This court is unaware of what facts were here presented to the prosecutor, whether the prosecutor was a fellow police officer or an independent member of the bar, and what the ultimate record was as presented to the state district court.

Under these circumstances, the motion must be and it is herewith denied.[7]

4.  Defendants' Objection to Plaintiffs' Exhibits and Evidence Regarding Monell Claim for Municipal Liability and for Emotional Distress, document 20

Contending plaintiffs have failed to name an expert witness on the issues of police training and discipline, defendants move that lack of such evidence bars further attempts to prove the custom or policy requirements of Monell v. New York Dep't of Social Servs., 436 U.S. 658 (1978).  The defendants object. Document 26.

Inadequacy of police training serves as a basis for liability under 42 U.S.C. § 1983 only where the failure to train

_____

[7]Again, defendants retain the right to move for JMOL at the close of plaintiff's case.

amounts to deliberate indifference to the rights of persons with whom the police come into contact. Canton v. Harris, 489 U.S. 378, 388 (1989). Liability under the statute is not satisfied by merely alleging that the existing training program for a police officer represents a policy for which the city is responsible. Id. at 389.

This does not mean that expert testimony is required to prove the issue of deliberate indifference, for certain acts and omissions are "so obvious" that such evidence is not required. Id. at 390 n.10. As the court is unable to determine on the record currently before it whether such obvious acts or omissions here exist, it must await the testimony at trial concerning the requirement, if any, that expert testimony be presented.

Similarly, the court cannot rule on the record before it that expert testimony is required to prove the claims of emotional distress. It appears that at least some of the plaintiffs required medical treatment as a result of their encounter with the police officers. The rule is that "when damages for impact are not sought," expert testimony is required. Thorpe v. State, 133 N.H. 299, 305, 575 A.2d 351, 354 (1990). As the court has no evidence before it as to which, if any, of the plaintiffs fall within the requirements of this rule, this portion of the motion must also be denied.

The court does agree with the defendants that the potential witnesses Sharon Parker and Kelly Dionne should not be permitted to testify in this action.[8]  Not only were none of the officers here charged as defendants involved in those actions, but in each case the city and/or the Nashua Police Department as an entity were found not liable.  The testimony of Ms. Parker and Ms. Dionne would not only be irrelevant, but would be substantially outweighed by the danger of unfair prejudice.  Rule 403, Fed. R. Evid.

The motion is accordingly granted only to the extent that the testimony of Ms. Parker and Ms. Dionne will be excluded at the trial of this case.  Otherwise, the motion is denied.

5.  Conclusion

For the reasons stated, the court has denied all of the motions herein considered with the exception of the last motion discussed, wherein the motion is granted only to the extent that

---

[8]This judge presided over the Parker trial, see Parker v. City of Nashua, 76 F.3d 9 (1st Cir. 1996), and accordingly may take judicial notice of the record of that case, as well as of the record of the magistrate judge who presided in the Dionne case.  Kowalski, supra.

proposed witnesses Sharon Parker and Kelly Dionne are to be excluded from the trial of this case.

**SO ORDERED.**

_____
Shane Devine, Senior Judge
United States District Court

September 22, 1997

cc:    Steven L. Maynard, Esq.
       Thomas B.S. Quarles, Jr., Esq.