Rockingham,
No. 6023.

STATE *v.* RICHARD ROGER BLOUIN.

March 31, 1970.

*George S. Pappagianis,* Attorney General and *Henry F. Spaloss,* Assistant Attorney General ( *Mr. Spaloss* orally ), for the State.

*Robert R. Renfro* ( by brief and orally ), for the defendant.

GRIMES, J. Defendant was indicted on the second Tuesday of September 1969 for possession of marijuana on April 19, 1969 on which latter date RSA ch. 318-A provided penalties which made the alleged crime a felony. Laws 1969, 421:1, which became effective on August 31, 1969 ( Laws 1969, 421:3 ), inserted RSA ch. 318-B and repealed RSA ch. 318-A, but provided "that no offense committed and no penalty . . . incurred . . . before the time when such repeal shall take effect shall be affected by the repeal except that when any punishment . . . shall be mitigated by the provisions of RSA 318-B . . . such provisions may be extended and applied to any sentences under chapter 318-A pronounced after such repeal."

The penalty provided by RSA ch. 318-B for possession of marijuana made the crime a misdemeanor.

The defendant contends that because the crime of possession had been reduced to a misdemeanor prior to his indictment by reducing the maximum sentence to one year so that the Portsmouth District Court has original jurisdiction, the Superior Court is without jurisdiction to try him and moved to dismiss the indictment. This motion was denied and the defendant's exception was transferred by *Perkins,* J.

We agree with the Trial Court and overrule the defendant's exception. RSA 502-A:11 provides that "Each district court shall have . . . original jurisdiction subject to appeal of all crimes and offenses committed within the confines of the district in which such

court is located which are punishable by a fine not exceeding one thousand dollars or imprisonment not exceeding one year, or both." However, RSA 592-A:1 (supp) provides that the Superior Court "has jurisdiction of all criminal cases and proceedings; but it may dismiss a prosecution originally begun therein which is within the jurisdiction of a municipal [district] court." *See* RSA 502-A:34 which vested district courts with the jurisdiction of municipal courts.

Thus although district courts have original jurisdiction over misdemeanors, that jurisdiction is not exclusive. The Legislature in RSA 502-A:14 (supp) by the use of the words "original and exclusive jurisdiction" in relation to certain civil causes has shown that its use of the word "original" alone is insufficient to create exclusive jurisdiction. It has left the Superior Court with concurrent but discretionary jurisdiction with the district and municipal courts over misdemeanors.

*Exception overruled.*

All concurred.