Merrimack
No. 89-397

RICHARD KILUK

v.

WILLIAM POTTER, ADMINISTRATOR

April 13, 1990

W. *Kirk Abbott, Jr.*, assistant appellate defender, of Concord, by brief and orally, for the plaintiff.

*John P. Arnold*, attorney general (*Mark E. Howard*, assistant attorney general, on the brief and orally), for the State.

JOHNSON, J. This is an interlocutory appeal from the Superior Court (*Dunn*, J.), which was transferred without a ruling pursuant to Supreme Court Rule 9. The defendant was charged under two complaints of simple assault. The issue presented is whether the imposition of a prison sentence by the Concord District Court (*Sullivan*, J.) in excess of one year pursuant to the extended terms of imprisonment statute, RSA 651:6, exceeded the court's jurisdictional authority under the New Hampshire Constitution, part II, article 77. We answer the question in the affirmative and remand for proper sentencing.

On July 11, 1988, the plaintiff, Richard Kiluk, was convicted of two misdemeanors in the Concord District Court, and sentenced to the State Prison for two concurrent sentences of not more than five years nor less than two years, pursuant to RSA 651:6. This statute provides, in part, that a person convicted of a misdemeanor may be sentenced to two to five years imprisonment if he or she "has twice previously been imprisoned, in this state or in any other jurisdiction, on sentences in excess of one year." RSA 651:6, I(c); RSA 651:6, II(b).

The plaintiff's convictions and sentences were timely appealed to the superior court, but approximately a year later the matters were remanded to the district court. The plaintiff then filed a motion to vacate the sentences based on the theory that the district court was without jurisdiction to impose sentences which exceeded one year and which ordered incarceration in the State Prison. The district court denied the motion, and reimposed the sentences. The plaintiff then filed a petition for writ of habeas corpus in the superior court, and the issue presented therein was transferred to this court without a ruling.

In 1912, part II, article 77 of the New Hampshire Constitution was amended to include the following sentence. "And the general court are further empowered to give police courts [district courts] original

jurisdiction to try and determine, subject to right of appeal and trial by jury, all criminal causes wherein the punishment is less than imprisonment in the state prison." The stated purpose of this amendment was to relieve the superior courts of the burden of trying many minor criminal offenses which could be disposed of more efficiently in front of a judge, while preserving the right to a jury trial if the police court's decision was appealed. JOURNAL OF THE CONSTITUTIONAL CONVENTION 383 (1912). In essence, the provision was a cost-saving measure for both the counties and the accused, since quick disposition of minor offenses before a judge, without a jury, alleviated the need for such expenditures as posting bonds, presenting evidence to a grand jury, incarcerating the defendant while awaiting trial, and other costs associated with the prosecution of a criminal case in superior court. *Id.* at 381–83.

██ The class of cases which this amendment authorizes the district courts (today's successors to the police courts) to hear is defined by the length of the sentence: that is, "all criminal causes wherein the punishment is less than imprisonment in the state prison." N.H. CONST. pt. II, art. 77. Since maximum sentences of more than one year are served in the State Prison, RSA 651:15, and sentences of a year or less are served in a county correctional facility, RSA 651:17 (Supp. 1989), it follows that under the language of part II, article 77, district courts may only sentence a convicted criminal defendant to a year or less on individual complaints to a county correctional facility. This conclusion is consistent with RSA 502-A:11, which states that district courts "have original jurisdiction, subject to appeal, of all crimes and offenses . . . which are punishable by . . . imprisonment not exceeding one year . . . ."

The State contends that part II, article 77 defines only the *type* of offense that can be tried in the district court, but that the sentencing authority of the district court is not restricted. The State concludes, therefore, that following a trial and conviction of a misdemeanor, an offense "for which the maximum penalty, exclusive of fine, is imprisonment not in excess of one year," RSA 625:9, IV, a district court may impose the enhanced penalties set out in RSA 651:6. We disagree.

██ The jurisdiction of the district courts is not determined by the label given to a particular case, *i.e.*, misdemeanor or felony, but rather by the penalties the district courts may impose. "District courts . . . are courts of special and limited jurisdiction which are *not* vested with as broad inherent powers as courts of superior and gen-

eral jurisdiction." *State v. Flynn*, 110 N.H. 451, 453, 272 A.2d 591, 593 (1970) (emphasis added). The authority of district courts to impose a sentence was expanded by the 1912 amendment, and it is in that amendment that the express limitation on the district courts' power lies. Therefore, we hold that a district court judge may not sentence a convicted criminal defendant to the enhanced penalties provided in RSA 651:6. The maximum sentence which a district court may impose for a given crime is one year in a county correctional facility. If the State plans to seek an extended term of imprisonment under RSA 651:6, it has the option to seek a trial in the first instance in the superior court. *See* RSA 592-A:1; *State v. Blouin*, 110 N.H. 202, 203, 263 A.2d 677, 678 (1970).

■ Since the plaintiff in the present case was convicted by a court having jurisdiction over the crime charged, he must be resentenced by that court in accordance with the jurisdictional limitations discussed above. Therefore, the sentence previously imposed is vacated, and this case is remanded to the district court for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

All concurred.