Hillsborough-northern judicial district
No. 2008-378

## THE STATE OF NEW HAMPSHIRE

v.

## GABRIEL BILC

Argued: March 17, 2009
Opinion Issued: May 1, 2009

*Kelly A. Ayotte*, attorney general (*Nicholas Cort*, assistant attorney general, on the memorandum of law and orally), for the State.

*Kenna, Johnston & Sharkey, P.A.*, of Manchester (*Kevin E. Sharkey* on the brief and orally), for the defendant.

BRODERICK, C.J. The defendant, Gabriel Bilc, appeals an order of the Superior Court (*McGuire*, J.) granting the State's motion to remand his cases to the Hillsborough District Court on the basis that the convictions are class B misdemeanors, which cannot be appealed to the superior court. We reverse and remand.

The defendant was charged in district court with one count of criminal threatening and one count of criminal trespass, both class A misdemeanors. *See* RSA 631:4 (2007); RSA 635:2 (2007); RSA 625:9, IV(a)(2) (2007). Following a bench trial, the defendant was found guilty and fined $350 plus a $70 penalty assessment on each charge. The defendant appealed to the superior court, seeking a jury trial on both charges.

The State moved to remand the cases to the district court, arguing that the defendant's appeal to the superior court for a trial *de novo* was improper because RSA 625:9, VIII (2007) converts district court convictions for class A misdemeanors to class B misdemeanor convictions whenever the sentences imposed consist only of fines less than $1,200. The defendant objected, arguing that the State and Federal Constitutions guarantee the right to a jury trial whenever a defendant is charged with a criminal offense carrying a possible penalty of one year's incarceration, *regardless of the* sentence actually imposed. The trial court granted the State's motion and remanded the cases to the district court for imposition of the fines previously assessed.

On appeal the defendant argues that the trial court's ruling that he was not entitled to a jury trial violates Part I, Article 15 of the New Hampshire Constitution and the Sixth Amendment to the United States Constitution. The State agrees that, as applied in this case, RSA 625:9, VIII, read in conjunction with RSA 599:1 (Supp. 2008), deprived the defendant of his right to a jury trial. We first address this claim under the State Constitution and cite federal opinions for guidance only. *State v. Ball*, 124 N.H. 226, 232-33 (1983). Because we hold that the defendant was denied his right to a jury trial under our State Constitution, we need not address the defendant's argument under the Federal Constitution. *See State v. Theriault*, 158 N.H. 123, 130 (2008).

■ Part I, Article 15 of the State Constitution provides: "No subject shall be arrested, imprisoned, despoiled, or deprived of his property, immunities, or privileges, put out of the protection of the law, exiled or deprived of his life, liberty, or estate, but by the judgment of his peers, or the law of the land . . . ." "It has never been denied or doubted that by this article trial by jury according to the course of the common law is secured to the defendant in all criminal cases without exception." *State v. Gerry*, 68 N.H. 495, 496 (1896). The right to a jury trial is a fundamental right under our State Constitution. *State v. Morrill*, 123 N.H. 707, 711 (1983).

■ New Hampshire has a two-tier statutory scheme for the trial of class A misdemeanors under which a person charged is tried in the district court without a jury and if found guilty is given the right of appeal to the superior court with a trial *de novo* by jury. *See State v. Despres*, 107 N.H. 297, 298 (1966). Appeals from the district court are governed by RSA 599:1, which provides, in part:

> A person convicted by a district court of a class A misdemeanor, at the time the sentence is declared, may appeal therefrom to obtain a *de novo* jury trial in the superior court . . . If, after a jury trial in the superior court, the defendant is found guilty, the superior court shall sentence the defendant, and the defendant may appeal questions of law arising therefrom to the supreme court.

We have held that this two-tier system is constitutional in that it assures "an absolute right of appeal to the Superior Court where the trial is de novo before a jury." *Jenkins v. Canaan Mun. Ct.*, 116 N.H. 616, 618 (1976) (quotation omitted).

As amended in 2007, RSA 625:9, VIII provides:

> If a person convicted of a class A misdemeanor has been sentenced and such sentence does not include any period of actual incarceration or a suspended or deferred jail sentence or any fine in excess of the maximum provided for a class B misdemeanor in RSA 651:2, IV(a), the court shall record such conviction and sentence as a class B misdemeanor.

Based upon this statute, the superior court ruled that because the defendant's class A misdemeanor convictions must be recorded as class B misdemeanor convictions, "the defendant cannot face the possibility of incarceration from these charges" and therefore "has no right to a jury trial." (Quotation and brackets omitted.)

■ In *Duncan v. Louisiana*, 391 U.S. 145, 154 (1968), the United States Supreme Court held that "the right to jury trial in serious criminal cases is a fundamental right and hence must be recognized by the States as part of their obligation to extend due process of law to all persons within their jurisdiction." As the Court explained:

> A right to jury trial is granted to criminal defendants in order to prevent oppression by the Government. Those who wrote our constitutions knew from history and experience that it was necessary to protect against unfounded criminal charges brought to eliminate enemies and against judges too responsive to the voice of higher authority. The framers of the constitutions strove to create an independent judiciary but insisted upon further protection against arbitrary action. Providing an accused with the right to be tried by a jury of his peers gave him an inestimable safeguard against the corrupt or overzealous prosecutor and against the compliant, biased, or eccentric judge. If the defendant preferred the common-sense judgment of a jury to the more tutored but perhaps less sympathetic reaction of the single judge, he was to have it.

*Id.* at 155-56.

■ Although the defendant in *Duncan* was charged with a crime punishable by up to two years in prison, he had been sentenced to only sixty days' incarceration and a $150 fine. *Id.* at 146. The Court was not persuaded, however, by the State's argument that based upon his sentence, the defendant was not entitled to a jury trial. *Id.* at 159. In determining whether a crime is serious, the Court reasoned that the penalty authorized for a particular crime is of "major relevance." *Id.* "The penalty authorized by the law of the locality may be taken as a gauge of its social and ethical judgments of the crime in question." *Id.* at 160 (quotation and citation omitted). Moreover, the severity of the penalty authorized, not the one actually imposed, is the relevant measure. *Id.* Serious crimes, for purposes of the Sixth Amendment, are defined to include any offense which carries a maximum penalty of more than six months imprisonment; the right to a jury trial attaches to those crimes regardless of the sentence in fact imposed. *See Baldwin v. New York*, 399 U.S. 66, 69 (1970) (the possibility of a one-year sentence is enough in itself to require the opportunity for a jury trial); *Lewis v. United States*, 518 U.S. 322, 325-26 (1996) (the maximum authorized penalty provides an objective indication of the seriousness with which society regards the offense and it is that indication that is used to determine whether a jury trial is required). We agree that "it is the legislative determination of an offense's seriousness which entitles an

accused to jury trial and not the possibly arbitrary decision-making of the trial court." *State v. Grimble*, 397 So. 2d 1254, 1256 (La. 1980).

■■ Under the New Hampshire Constitution, the right to a jury trial is guaranteed to "all criminal defendants facing the possibility of incarceration." *Opinion of the Justices (DWI Jury Trials)*, 135 N.H. 538, 542 (1992). Having been found guilty of two class A misdemeanors, the defendant faced possible incarceration, thereby entitling him to seek a *de novo* jury trial in the superior court. We hold that, as applied by the superior court, the provisions of RSA 625:9, VIII operated to deny the defendant's rights in violation of Part I, Article 15 of our State Constitution. Accordingly, we reverse the superior court's ruling and remand for proceedings consistent with this opinion.

*Reversed and remanded.*

DALIANIS, DUGGAN and HICKS, JJ., concurred.