**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**


**In Case No. 2014-0537, <u>State of New Hampshire v. Shawn Abbott</u>, the court on October 21, 2015, issued the following order:**

Having considered the parties' briefs and oral arguments, the court concludes that a formal written opinion is unnecessary in this case.  The defendant, Shawn Abbott, appeals his conviction, following a bench trial in superior court, on one class B misdemeanor count of resisting arrest.  <u>See</u> RSA 642:2 (Supp. 2014).  On appeal, he argues, among other contentions, that he was entitled to a jury trial under <u>State v. Bilc</u>, 158 N.H. 651, 655 (2009).  We agree, and therefore vacate and remand.

The trial court could have found the following facts.  One night in April 2012, two Northfield police officers responded to a 911 call from the defendant.  Abbott had made the call under the mistaken belief that his granddaughter was being kidnapped.  When the officers knocked on Abbott's door, he answered but was nonresponsive to the officers' questions.  Abbott then turned around, and walked back into his apartment.  Concerned that Abbott might be going for a weapon, the officers followed him inside.  The officers then tried to prevent Abbott from walking upstairs, and a struggle ensued, which culminated in his arrest.  Abbott is a diabetic and was suffering from high blood sugar when the officers arrested him.  Abbott had also taken Ambien as a sleep aid before dialing 911.  For these reasons, Abbott claimed that he did not understand why the police came to his home or why they were arresting him.

The State charged Abbott with two counts of resisting arrest as class A misdemeanors.  He was convicted on both counts after a bench trial in circuit court and sentenced to a suspended fine of $1,200.

Abbott appealed to superior court for a <u>de novo</u> jury trial under RSA 599:1 (Supp. 2014) (amended 2015).  The State then filed two new informations charging Abbott with two counts of resisting arrest as class B misdemeanors for the same conduct described above.  The State also moved to schedule a bench trial in superior court, stating its intent to enter a <u>nolle prosequi</u> on the original class A charges.  The Superior Court (<u>McNamara</u>, J.) granted the State's motion and, after a bench trial, the Superior Court (<u>O'Neill</u>, J.) acquitted Abbott on one of the class B counts, but convicted him on the other.

On appeal, Abbott's main argument is that our decision in <u>Bilc</u> forbade the State from entering a <u>nolle prosequi</u> on his two class A misdemeanor charges for resisting arrest, substituting two new class B misdemeanor charges for the same conduct, and proceeding against him in a bench trial in superior court after he had invoked his right to a <u>de novo</u> jury trial under RSA 599:1. The State disagrees, arguing that, unlike Abbott's case, <u>Bilc</u> concerned RSA 625:9, VIII (2007). That statute required the district court to record the defendant's misdemeanor convictions as class B because, even though his original charges were class A, the court had sentenced him to a fine of $1,200 or less. <u>Bilc</u>, 158 N.H. at 652. Thus, the State argues that on appeal to the superior court, Bilc's misdemeanor charges remained class A, and the court could still have imposed a jail sentence. Here, however, the State reduced Abbott's charges to class B before his superior court trial, which eliminated the possibility of incarceration along with his right to a jury trial.

We find the State's argument unconvincing. In <u>Bilc</u>, we recognized that RSA 599:1 complies with the New Hampshire Constitution because it guarantees defendants, like Abbott, who have been tried and convicted on class A misdemeanor charges in district court (now circuit court), the "absolute right," <u>id</u>. at 653 (quotation omitted), to appeal to superior court for a <u>de novo</u> jury trial. See <u>id</u>. at 655. Once a defendant in Abbott's position invokes this right, the State may not undermine it by entering a <u>nolle prosequi</u> and substituting new class B misdemeanor charges, or otherwise reducing the defendant's misdemeanor charges to class B. See <u>id</u>.

At oral argument, the State asked us to overrule <u>Bilc</u>, but it did not provide a stare decisis analysis. See <u>Ford v. N.H. Dep't of Transp.</u>, 163 N.H. 284, 290 (2012) (explaining our stare decisis doctrine). Lacking an analysis as to why we should overrule <u>Bilc</u>, we see no reason to deviate from that decision now.

We therefore vacate the trial court's decision and remand Abbott's case for a jury trial in superior court, where, if convicted, he faces the penalties for a class A misdemeanor.

<u>Vacated and remanded</u>.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ, concurred.

**Eileen Fox,<br>Clerk**