NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by e-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Rockingham
No. 2015-0149


THE STATE OF NEW HAMPSHIRE

v.

BRYON E. WHITNEY

Submitted: June 18, 2019
Opinion Issued: July 16, 2019


Gordon J. MacDonald, attorney general (Stephen D. Fuller, senior assistant attorney general, on the memorandum of law), for the State.


Wiberg Law Office, PLLC, of Portsmouth (Sven D. Wiberg on the brief), for the defendant.


DONOVAN, J. The defendant, Bryon E. Whitney, appeals an order of the Superior Court (Schulman, J.) remanding his case to the circuit court on the basis that, because he was convicted of a class B misdemeanor in circuit court, the superior court lacked jurisdiction over the appeal from the circuit court. See RSA 599:1 (Supp. 2014); RSA 599:1-c, II (2001). We affirm.

The record supports the following facts. The defendant was charged in circuit court with resisting arrest or detention. See RSA 642:2 (2016). Following a bench trial, the defendant was found guilty and sentenced to pay a

$500 fine, plus penalty assessment. The defendant filed an appeal with the superior court under RSA 599:1, seeking a de novo jury trial.

Prior to trial in the superior court, the State advised the court that the resisting arrest offense appeared to have been brought in circuit court as a class B misdemeanor rather than a class A misdemeanor, and therefore, the defendant's conviction could not be appealed to the superior court. After reviewing the transcript from the circuit court, the superior court agreed with the State, and ruled that, because the offense was brought as a class B misdemeanor in circuit court and because the defendant was neither charged with nor convicted of a class A misdemeanor, the court lacked jurisdiction over the appeal. The defendant filed a motion to reconsider, which the court denied. This appeal followed.

Because the superior court's jurisdiction to hear de novo appeals from circuit court is conferred by statute, determining the jurisdiction of the superior court in this case is a matter of statutory interpretation, which presents a question of law subject to our de novo review. See Rogers v. Rogers, 171 N.H. 738, 743 (2019). A defendant's right to appeal to superior court from circuit court depends upon whether he or she was charged with a class A or class B misdemeanor.

When a defendant is convicted of a violation or class B misdemeanor in circuit court, the only available appellate avenue is a direct appeal to this court. See RSA 599:1-c, II; State v. Blunt, 164 N.H. 679, 682 n.3 (2013). Because class B misdemeanors do not carry a possibility of incarceration, nor can a fine imposed for such offenses exceed $1,200, see RSA 651:2, III, IV(a) (2016), defendants charged with such offenses do not have a constitutional right to a jury trial. See State v. Bilc, 158 N.H. 651, 655 (2009) (right to a jury trial is guaranteed to all criminal defendants facing the possibility of incarceration); State v. Morrill, 123 N.H. 707, 712-13 (1983). Accordingly, those defendants charged with a class B misdemeanor in circuit court do not have a right to a de novo jury trial in superior court. See RSA 599:1-c, II; Bilc, 158 N.H. at 655.

However, when a defendant is charged with and convicted of a class A misdemeanor in circuit court, he or she may elect to either appeal to the superior court for a de novo jury trial, or to this court for a review of questions of law. RSA 599:1; RSA 502-A:12 (2010). Because class A misdemeanors are punishable by imprisonment for up to one year and a maximum fine of $2,000, see RSA 651:2, I, II(c), IV(a) (2016), defendants accused of such offenses are constitutionally entitled to jury trials. N.H. CONST. pt. I, art. 15; State v. Thompson, 165 N.H. 779, 788 (2013) (State Constitution provides the defendant at least as much protection as the Federal Constitution under these circumstances); Bilc, 158 N.H. at 655. Notably, the right to a jury trial depends upon the "severity of the penalty authorized, not the one actually

2

imposed." Bilc, 158 N.H. at 654. Thus, a defendant who is exposed to the possibility of incarceration based on the classification of the charged offense has a right to a de novo jury trial under RSA 599:1, regardless of the sentence that the circuit court actually imposed. Id. at 654-55.

In this case, the defendant argues that he was charged with a class A misdemeanor in the circuit court and, thus, the superior court erred in remanding the case back to the circuit court, rather than providing him with a jury trial. He further argues that by classifying the offense as a class B misdemeanor, the superior court effectively violated his statutory right to appeal to superior court for a de novo jury trial. He contends that the superior court's ruling that he was not entitled to a jury trial violates Part I, Article 15 of the New Hampshire Constitution and the Sixth Amendment to the United States Constitution.

Therefore, we have to determine whether the defendant was charged with and tried for a class A or class B misdemeanor in circuit court. "Every offense is either a felony, misdemeanor or violation." RSA 625:9, II (2016). "Misdemeanors are either class A misdemeanors or class B misdemeanors when committed by an individual." RSA 625:9, IV (2016). Offenses can be expressly defined by statute as a class A or class B misdemeanor. RSA 625:9, IV(a)-(b). Offenses can also be simply defined as misdemeanors without specification as to whether they are class A or class B. RSA 625:9, IV(a)-(c). Resisting arrest is one such unspecified misdemeanor and, therefore, may be charged as either a class A or class B misdemeanor. See RSA 625:9, IV. RSA 625:9, IV(c) provides:

> (c) Any crime designated within or outside this code as a misdemeanor without specification of the classification shall be presumed to be a class B misdemeanor unless:
>
> > (1) An element of the offense involves an "act of violence" or "threat of violence" as defined in paragraph VII; or
> >
> > (2) The state files a notice of intent to seek class A misdemeanor penalties on or before the date of arraignment. Such notice shall be on a form approved in accordance with RSA 490:26-d.

Regarding subparagraph (c)(1), the crime of resisting arrest, as defined by RSA 642:2, does not involve an act or threat of violence as an element of the offense. See Blunt, 164 N.H. at 683-84. As to subparagraph (c)(2), there is nothing in the record to indicate that the State filed a notice of intent at or before arraignment to seek class A misdemeanor penalties. In fact, the record reflects that the defendant argued to the circuit court that the offense was a class B misdemeanor because the State never filed a notice of intent to seek

3

class A penalties.  See RSA 625:9, IV(c)(2).  The circuit court reserved ruling on this argument, but acknowledged that its file did not include a notice that the State intended to seek class A misdemeanor penalties.  The circuit court subsequently ruled that the offense was a class B misdemeanor.  During the sentencing hearing, the defendant told the circuit court that he sought to appeal his conviction to the superior court, and the circuit court responded: "Well, I'll let you argue that . . . in Superior Court.  But under the new sentencing statute that presumes a Class B, unless the intent is filed, I'm required to record this as a Class B misdemeanor conviction."  Moreover, even if the complaint asserted that the offense was a class A misdemeanor, "merely checking the 'class A misdemeanor' box on the standard complaint form does not constitute compliance with RSA 625:9, IV(c)(2)."  Blunt, 164 N.H. at 684.  Thus, we agree with the superior court's determination that the defendant was "charged with a Class B misdemeanor, tried for a Class B misdemeanor, convicted of a Class B misdemeanor and sentenced for a Class B misdemeanor."  The fact that the circuit court reserved ruling on this issue until after the trial does not affect our analysis.

Furthermore, to the extent the defendant relies upon Bilc to support his argument that he is entitled to a de novo jury trial, we disagree.  In Bilc, the defendant was charged with two class A misdemeanors and, following a bench trial in then-district court, he was found guilty and sentenced to pay a fine of less than $1,200.  Bilc, 158 N.H. at 652.  We held in Bilc that, regardless of the sentence imposed, the defendant had been found guilty of two class A misdemeanors, which exposed him to possible incarceration, and thereby entitled him to seek a de novo jury trial in the superior court.  Id. at 655.  Thus, when a defendant is charged with a class A misdemeanor in circuit court but the sentence does not include a period of incarceration and, pursuant to RSA 625:9, VIII (2016), the court records the conviction and sentence as a class B misdemeanor, that defendant still has a right to a de novo jury trial in superior court.  See id.

Those circumstances are not present here.  Because the defendant was charged with a class B misdemeanor in circuit court, he was never exposed to the imposition of class A misdemeanor penalties and is, therefore, not entitled to a de novo jury trial.  See id. at 654-55.  We see no reason to extend our holding in Bilc beyond its original confines.  Accordingly, the superior court properly found that it lacked jurisdiction over the appeal from circuit court.  See RSA 599:1; RSA 599:1-c, II; Bilc, 158 N.H. at 655.

Affirmed.

LYNN, C.J., and HICKS, BASSETT, and HANTZ MARCONI, JJ., concurred.