# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2022-0201, <u>Petition of State of New Hampshire</u>, the court on February 16, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The State seeks review by way of a petition for writ of certiorari of a sentencing order of the Circuit Court (<u>Subers</u>, J.) treating the defendant's, John Kenny, III, conviction as a class B misdemeanor and sentencing him accordingly after the State failed to file a notice of intent to seek class A misdemeanor penalties pursuant to RSA 625:9, IV(c)(2) (Supp. 2023). We affirm.

The following facts were found by the trial court or derive from the record submitted to this court. On September 17, 2021, the defendant, a bartender and server, served an underage customer eight cocktails in the course of approximately an hour. The defendant did not ask the customer for proof of age before serving him.

The State charged the defendant with two misdemeanors under RSA 179:5: one count of prohibited sales of alcohol to a minor and one count of prohibited sales to an intoxicated individual. <u>See</u> RSA 179:5, I (2022). Both are unclassified misdemeanors. <u>See</u> RSA 179:58, I (2022); RSA 625:9, IV(c) (governing how to classify "[a]ny crime designated within or outside this code as a misdemeanor without specification of the classification"). RSA 625:9, IV(c) provides that an unclassified misdemeanor "shall be presumed to be a class B misdemeanor unless" an element of the offense involves an act or threat of violence, the State files a notice of intent to seek class A misdemeanor penalties on or before the date of the arraignment on a form approved in accordance with RSA 490:26-d, or the misdemeanor charge is filed directly in superior court.

The State checked the class A misdemeanor box on both complaints. The defendant's arraignment date was set for November 18, 2021. The defendant requested appointed counsel and the court granted that request on October 21, 2021. Prior to the arraignment date, the defendant entered a not guilty plea and waived arraignment. At no point prior to the scheduled arraignment date did the State file a notice of intent to seek class A misdemeanor penalties.

On February 17, 2022, after a bench trial, the trial court found the defendant guilty of prohibited sales of alcohol to a minor and not guilty of prohibited sales of alcohol to an intoxicated individual.  At all times prior to the sentencing hearing the trial court and the parties understood the charged offenses to be class A misdemeanors.

On March 17, 2022, at the defendant's sentencing hearing, the trial court ruled that "the charge he's being convicted of is to be considered a Class B misdemeanor" and that it could impose only class B penalties.  See RSA 625:9, IV(c).  The trial court reasoned that because prohibited sales of alcohol to a minor is an unspecified misdemeanor that does not meet one of the other exceptions to RSA 625:9, IV(c) and the State did not file a notice of intent to seek class A misdemeanor penalties under RSA 625:9, IV(c)(2), it could impose only class B penalties.  The State did not object to the trial court's ruling.  That same day, the trial court issued a written sentencing order reiterating its ruling and imposing the maximum allowable fine for a class B misdemeanor.  The State did not move to reconsider.  This petition followed.  See Sup. Ct. R. 11(1).

Certiorari is an extraordinary remedy that is not granted as a matter of right, but, rather, at the court's discretion.  Petition of State of N.H., 175 N.H. 371, 376 (2022); see Sup. Ct. R. 11.  Our review of a decision on a petition for writ of certiorari entails examining whether the trial court acted illegally with respect to jurisdiction, authority or observance of the law, or unsustainably exercised its discretion or acted arbitrarily, unreasonably, or capriciously.  Petition of State of N.H., 175 N.H. at 376.  We exercise our power to grant such writs sparingly and only where to do otherwise would result in substantial injustice.  Petition of Chase Home for Children, 155 N.H. 528, 532 (2007).

In support of its petition, the State argues that the trial court erred by reducing the defendant's conviction to a class B misdemeanor and imposing only class B misdemeanor penalties based on the State's failure to file an RSA 625:9, IV(c)(2) notice of intent to seek class A misdemeanor penalties.  The defendant counters that the State failed to preserve its arguments because it failed to raise them before the trial court and, therefore, we should review the trial court's sentencing order for plain error only.  We agree with the defendant that the State failed to preserve the issue.

We have long held that parties may not have judicial review of issues not raised before the trial court.  Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004).  The purpose of our preservation rule is to ensure that trial courts have an opportunity to rule on issues and to correct errors before parties seek appellate review.  State v. Perez, 173 N.H. 251, 258 (2020).  Our preservation "requirement is intended to discourage parties who are unhappy" with a trial court decision "from combing the record to find an alleged error never raised before the trial judge that might support a motion to set aside the judge's ruling."  Id.  An issue is preserved when the trial court understood and

therefore addressed the substance of an objection. Id. It is well settled that even when an issue is raised for the first time by a trial court's order, such that a party has not had a chance to address it, the party must identify the error in a motion for reconsideration to preserve the issue for appeal. See N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002); N.H. R. Crim. P. 43(a).

The State does not dispute that it did not object or file a motion for reconsideration with the trial court. The State argues that because the trial court raised and resolved the RSA 625:9, IV(c)(2) notice issue sua sponte it was not required to file a motion for reconsideration of the sentencing order and the issue is adequately preserved. The State also argues that even if the issue is not preserved, this court should address the issue because preservation "is a limitation upon the parties to an appeal, not upon the reviewing court, the issue constitutes a discrete issue of law requiring no further factual development, and the issue is important to the administration of justice." (Quotation omitted.)

The State does not cite, nor have we found, any cases supporting its argument that, because the trial court raised the notice of intent issue sua sponte, the issue is adequately preserved without filing a motion for reconsideration. Because the State failed to object or file a motion for reconsideration, we conclude that the State's argument is not preserved, see Butland, 147 N.H. at 679; N.H. R. Crim. P. 43(a), and we decline the State's invitation to waive our preservation requirement, see State v. Mouser, 168 N.H. 19, 28 (2015).

Because we find the State's arguments not preserved, we confine our review to plain error. State v. Ruiz, 170 N.H. 553, 566 (2018); see Sup. Ct. R. 16-A. The plain error rule allows us to consider issues that were not raised in the trial court. State v. Pennock, 168 N.H. 294, 310 (2015). We apply the rule sparingly — its use is limited to those circumstances in which a miscarriage of justice would otherwise result. Id. To reverse a trial court decision under the plain error rule: (1) there must be an error; (2) the error must be plain; (3) the error must affect substantial rights; and (4) the error must seriously affect the fairness, integrity or public reputation of judicial proceedings. Id.

The State argues that the trial court committed plain error when it concluded that the absence of an RSA 625:9, IV(c)(2) notice required it to treat the defendant's conviction as a class B misdemeanor even though the trial court issued an appointment of counsel order at the outset of the case "finding" that the defendant had been charged with a class A misdemeanor. We disagree.

Based on our reading of the record and the applicable precedent, we conclude that if there was an error it was not plain. For the purposes of the plain error rule, an error is plain if it was or should have been obvious in

3

the sense that the governing law was clearly settled to the contrary.  <u>Pennock</u>, 168 N.H. at 310.  The State bears the burden of demonstrating plain error. <u>State v. Batista-Salva</u>, 171 N.H. 818, 824 (2019).  The State does not cite any authority to support its position that the governing law is clearly settled and that the trial court plainly erred when, given its earlier appointment of counsel order, it sentenced the defendant to a class B misdemeanor.  Based on our review of the record and the applicable law, we are not convinced that the trial court's decision was contrary to clear or obvious precedent.

Because the State's argument fails under the second prong of the plain error analysis, we need not address the remaining plain error arguments.  <u>See</u> <u>State v. Ortiz</u>, 162 N.H. 585, 591 (2011).  Finally, we decline the State's invitation to overrule <u>State v. Blunt</u>, 164 N.H. 679 (2013), and <u>State v. Whitney</u>, 172 N.H. 380 (2019).

<u>Affirmed</u>.

MACDONALD, C.J., and BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred; HICKS, J., sat for oral argument but subsequently disqualified himself and did not participate in further review of the case, <u>see</u> <u>also</u> N.H. CONST. pt. II, art. 78.

**Timothy A. Gudas,**<br>**Clerk**